# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| MICHAEL L. PITTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV412-189 |
| | ) |
| OFFICER BOBBY WAITERS; | ) |
| CHATHAM COUNTY, GEORGIA | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Currently being prosecuted on drug charges (*see* attached state-court docket sheet), Michael L. Pitts has filed this 42 U.S.C. § 1983 case against Bobby Waiters, the officer who allegedly arrested him. Doc. 1 at 5.[1] He alleges that after his warrantless arrest he was entitled to a

---

[1] Since he has completed his IFP paperwork, docs. 4 & 5, the Court will now screen his case under 28 U.S.C. § 1915(e)(2)(B)(ii), which allows a district court to *sua sponte* dismiss a claim of a plaintiff proceeding in forma pauperis for failure to state a claim before service of process. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief).

The Court applies the Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v.*

*McLaughlin* hearing,² but that Waiters "failed to take [him] before the appropriate judicial officer within 48 hours of my arrest." *Id.* at 5. He

---

*Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

²  *See County of Riverside v. McLaughlin*, 500 U.S. 44 (1991); *Capestany v. State*, 289 Ga. App. 47, 52 n. 10 (2007). *McLaughlin* held that "a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of [*Gerstein v. Pugh*, 420 U.S. 103 (1975)]." 500 U.S. at 56. Where -- and Pitts claims he did not receive this benefit -- a probable cause determination does not occur within 48 hours of a warrantless arrest, "the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance." *Id.* at 57; *see also* O.C.G.A. § 17–4–62 (any person who is arrested without a warrant and who is not brought before an appropriate judicial officer within 48 hours of arrest "shall be released," but that release right expires when a warrant or indictment is obtained). Georgia endeavors to uphold *McLaughlin* rights through statutes like O.C.G.A. § 17-4-62 and § 17-4-21:

> The *arresting officer* shall take the arrested person before the most convenient and accessible judicial officer authorized to hear the case unless the arrested person requests otherwise, in which case, if there is no suspicion of improper motive, the arresting officer shall take him before some other judicial officer. An arrested person has no right to select the judicial officer before whom he shall be tried.

O.C.G.A. § 17-4-21 (emphasis added), quoted in *Capestrany*, 289 Ga. App. at 49; *see also Hallstrom v. City of Garden City*, 991 F.2d 1473, 1478-79 (9th Cir. 1993) (arresting officers had constitutional duty, for purposes of arrestee's § 1983 claim, to take arrestee before judicial officer promptly after her arrest). *McLaughlin*-based claims have been brought under § 1983, *see, e.g., Haggins v. Young*, 2012 WL 662848 at * 2 (S.D. Ga. Feb. 28, 2012); *Jenkins v. Davis*, 2007 WL 2893395 at * 2 (S.D. Ga.

also sues Chatham County, Georgia, "under Georgia law for false imprisonment and for negligence in the performance of its ministerial duty." *Id.* Under the standards set forth *supra* n. 2, Pitts has alleged enough to green-light his claim against officer Waiters. The Clerk is thus **DIRECTED** to forward a copy of Pitts' complaint and this Report and Recommendation to the Marshal to effectuate service.

Pitts' claim against Chatham County, however, fails as a matter of law. While a county is a legal entity amenable to a § 1983 lawsuit, it may not be liable under § 1983 absent a showing that a custom, pattern, or practice of the county resulted in the deprivation of a plaintiff's constitutional rights. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978); *Jones v. Lowndes Cty, Miss.*, 678 F.3d 344, 349-50 (5th Cir. 2012); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D.Ga. 1984). A county cannot be held vicariously liable for the actions of its officers or employees. *Monell*, 436 U.S. at 691. Pitts cites no custom, pattern, or practice of Chatham County in his complaint.

---

Sep. 28, 2007), as well as state law. *Capestany*, 289 Ga. App. at 52 n. 10 (noting civil remedy for *McLaughlin* violation). A win on this claim would at most fetch a damages award but not disturb any prosecution or conviction. *Sanders v. Detroit Police Dept.*, 2012 WL 3140232 at * 3 (6th Cir. Aug. 3, 2012).

3

Accordingly, Michael L. Pitts' case should be **DISMISSED** against Chatham County, but it should proceed against defendant Waiters. In the meantime, Pitts must pay his filing fee. His furnished account information shows that he has had funds in his prison account during the past six months. Doc. 4 ($38.34 average monthly balance for the last six months). He therefore owes an initial partial filing fee of $7.67. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall deduct $7.67 from Pitts' account and remit to the Clerk of Court (payable to the "Clerk of Court"). The custodian shall also set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this R&R to plaintiff's account custodian (G. Sheppard, doc. 4) immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this

Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED** this  15th  day of August, 2012.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA